UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta L. Reid,

    Plaintiff,

    v.    Case No. 1:12cv207

Commissioner of Social Security    Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's January 30, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 12.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 14.)

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.  Plaintiff objects to the Magistrate Judge's R&R on the basis that the Magistrate Judge found that the ALJ properly weighed the opinions of her treating physician and psychiatrist.

Plaintiff maintains that the ALJ should have given greater weight to the RFC assessment of her treating physician Dr. Kilari.  However, the ALJ rejected the opinion of Dr. Kilari because it is not medically supported by the evidence of record.  (Tr. 18).  An opinion of a treating physician as to the nature and severity of a claimant's conditions will

be accorded controlling weight only where the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). As the ALJ explained, Dr. Kilari did not prescribe a pain medication until March 2010, and did not recommend a surgery consult. Moreover, the ALJ pointed out that Dr. Kilari's limitations were more extreme than the limitations Plaintiff described in her testimony. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) (treating physician opinion properly rejected where not supported by objective medical evidence and limitations contrary to claimant's own testimony). The Court concludes that the ALJ properly weighed the opinion of Plaintiff's treating physician, Dr. Kilari.

Plaintiff also maintains that the ALJ should have given greater weight to the opinion of her treating psychiatrist, Dr. Fitz. However, the ALJ explained that the treatment Dr. Fitz has provided to Plaintiff has been conservative and Plaintiff has only been hospitalized once. (Tr. 14). The ALJ also noted that Plaintiff is scheduled for visits with her psychiatrist only once every three months. The Court concludes that the ALJ properly weighed the opinion of Dr. Fitz. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (proper weight given to medical opinions where despite ongoing treatment, treating physician never recommended extensive mental-health treatment, and the record does not show that claimant ever suffered a period of decompensation due to mental illness); *Ealy v. Comm'r of Soc. Sec.*, 172 F. App'x 88, 90 (6th Cir. 2006) (ALJ properly found that claimed limitations were not fully credible because they were inconsistent with the objective medical evidence, a lack of more

aggressive medical treatment and the claimant's ordinary activities).  The Court concludes that the ALJ properly weighed the opinion of Plaintiff's treating psychiatrist, Dr. Fitz.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 30, 2013 R&R (Doc. 12) affirming the decision of the Commissioner.  This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                  Michael R. Barrett, Judge
                                  United States District Court